IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUEA LEE HOSKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-508-NJR |
| | ) |
| CHAPMAN and RUETER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Joshua Lee Hoskins, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges Defendants were deliberately indifferent to his need for dental care and retaliated against him for filing grievances. He asserts claims against the defendants under the First and Eighth Amendments. Plaintiff seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**The Complaint**

Plaintiff makes the following allegations in the Complaint: On November 12, 2019, Plaintiff met with dentist Chapman to fill an upper tooth (Doc. 1, p. 43). Chapman informed Plaintiff that he delayed filling the upper tooth and was not going to fill a lower tooth because Plaintiff wrote grievances against him in the summer of 2019 (*Id.*). Chapman told Plaintiff he would have to wait more months to have his lower tooth filled and he would not provide Plaintiff with antibiotics, pain meds, or ice packs for his swollen gums. Plaintiff met with Chapman on a number of occasions between January and April 2020 and, each time, Chapman refused to fill his bottom tooth or provide him care for his toothache and bleeding, swollen gums (*Id.*).

On May 12, 2020 he encountered Nurse Rueters who informed Plaintiff that she was the one who talked Chapman into delaying dental treatment. She told Chapman about Plaintiff's grievances so that he would delay Plaintiff's care. She told Plaintiff that she helped delay his care in retaliation for Plaintiff filing grievances against her (*Id.*).

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** Eighth Amendment deliberate indifference to dental needs claim against Chapman and Reuter for delaying Plaintiff's dental care.
>
> **Count 2:** First Amendment retaliation claim against Chapman and Reuter for delaying Plaintiff's dental care in retaliation for grievances written against them.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Plaintiff states a viable deliberate indifference claim against Chapman and Rueter in Count 1. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment). To the extent he seeks injunctive relief, the Court **ADDS** Jeff Dennison, in his official capacity only, for the purpose of implementing any injunctive relief awarded. All other official capacity claims are **DISMISSED without prejudice**.

Plaintiff also states a viable claim for retaliation against Chapman and Rueter in Count 2. *Antoine v. Ramos*, 497 F. App'x 631, 633-34 (7th Cir. 2012); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).

### Pending Motions

Plaintiff recently filed a motion for urgent preliminary injunction (Doc. 7). He alleges that he is still suffering from swollen and bleeding gums and Chapman refuses to provide him with care. To the extent he seeks an "urgent" order for dental care, he has not shown that he will suffer any immediate injury such that he cannot wait for a response from the Defendants. Further, to the extent his motion requests an order directing non-parties to respond to his grievances, those issues are not related to the issues in his current Complaint and his request is **DENIED**. If Plaintiff believes those non-parties are violating his constitutional rights, he would have to file a new case. As to his request for dental care, the Court **DIRECTS** Defendants Chapman and Dennison (official capacity only) to respond to the motion by **June 25, 2020**.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Disposition**

For the reasons stated above, Counts 1 and 2 shall proceed against Chapman and Rueter. Jeff Dennison, in his official capacity only, is added to the case for the purpose of implementing any injunctive relief as it relates to Count 1.

The Clerk of Court shall prepare for Defendants Chapman, Rueter, and Jeff Dennison (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  6/4/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**