## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSHUA LEE HOSKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 3:20-cv-00508-GCS** |
| **NATHAN CHAPMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM & ORDER</u>

**SISON, Magistrate Judge:**

Plaintiff Joshua Lee Hoskins filed suit against Defendant Chapman on June 1, 2020. (Doc. 1). On June 4, 2020, the Court conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and allowed Plaintiff to proceed on one count alleging Defendant violated the Eighth Amendment prohibition against deliberate indifference to a prisoner's serious medical needs. (Doc. 8). On September 25, 2020, the Court, having resolved the issue of Plaintiff's exhaustion of administrative remedies, lifted the previously imposed stay on discovery and issued a scheduling order for the remainder of the case. (Doc. 57). Since that time, Plaintiff has filed three motions to compel discovery from Defendant Chapman. (Doc. 63, 80, 99). Plaintiff did not provide evidence that he communicated in good faith with Defendant prior to requesting the Court's intervention in any of the three motions. *See* (Doc. 67, 76, 100).

As relevant to this matter, Plaintiff filed a motion for the Court to intervene in a discovery dispute on August 4, 2021. (Doc. 99). However, Plaintiff did not include

evidence that he first attempted to resolve the dispute with Defendant prior to filing his motion. (Doc. 100). The Court therefore denied the motion. *Id*. Plaintiff now asks that the Court reconsider its decision. For the reasons delineated below, the motion for reconsideration is **DENIED.**

Courts are to consider motions challenging the merits of a district court order as filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Rule 59(e) authorizes relief only in "exceptional cases" and permits a court to amend an order or judgment only if the movant demonstrates a manifest error of law or fact, or if the movant presents newly discovered evidence that was not previously available. *Willis v. Dart*, No. 16-1498, 671 Fed. Appx. 376, 377 (7th Cir. Dec. 9, 2016)(quoting *Gonzalez–Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011)). *See also Sigsworth v. City of Aurora*, 487 F.3d 506, 511-512 (7th Cir. 2007)). Movants must file a Rule 59(e) motion within twenty-eight days of the order.

Relief under Rule 60(b) is also "an extraordinary remedy that is to be granted only in exceptional circumstances." *Willis*, 671 Fed. Appx. at 377 (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). *See also N. Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co., Inc.*, 842 F.2d 164, 168 (7th Cir. 1988)(describing a Rule 60(b) ruling as "discretion piled upon discretion") (internal citations omitted). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could

not have been discovered within the 28-day deadline for filing a Rule 59(e) motion. Plaintiff asserts that he did send communications to Defendant, but that Defendant did not respond. (Doc. 103). Plaintiff also filed his motion within the twenty-eight-day deadline mandated by Rule 59(e). The Court therefore finds that Plaintiff's motion for reconsideration is properly analyzed under the standard outlined in Rule 59(e).

Plaintiff asserts that he sent letters to Defendant's counsel regarding the present dispute on July 22, 2021. (Doc. 103). However, Defendant's counsel did not respond. *Id.* Moreover, Plaintiff contends that it is impossible for him to provide evidence that he reached out to Defendant's counsel to resolve the dispute in good faith because prison mail staff will not sign declarations that he sent the letters in question. *Id.*

In response, Defendant notes that Plaintiff filed his motion for intervention on August 4, 2021 – a mere thirteen days after sending his letter to Defendant's counsel. (Doc. 109). Defendant also argues that, even if Plaintiff had attempted to communicate with Defendant in good faith, his motion to compel would be moot. *Id.* at p. 2-3. In his motion to compel, Plaintiff states that Defendant did not provide records identified in his initial disclosures or Plaintiff's commissary records. (Doc. 99, p. 13-14). However, Defendant provided the records referenced in his initial disclosures at the same time as his initial disclosures. (Doc. 109, p. 2). He also provided Plaintiff's commissary records twice, once in the supplemental initial disclosures, and once again after Plaintiff's May 25, 2021 motion to compel. *Id.* at p. 3. Specifically, Defendant stated "I believe this is the only outstanding record you have requested. If I have missed another request please let

me know." (Doc. 95, Exh. A). Defendant states that he simply does not have additional records to provide to Plaintiff. (Doc. 109, p. 3-4).

As an initial matter, even if the Court credits Plaintiff's claim that he attempted to communicate with Defendant in good faith prior to filing his motion to compel, the Court finds that Plaintiff did not provide enough time for Defendant to receive the letter and respond. A mere thirteen days between mailing the letter and filing the motion to compel is an insufficient amount of time to conclude that Defendant's counsel had chosen not to respond to the request for production, particularly when Defendant previously invited Plaintiff to request additional discovery if Defendant's counsel had overlooked providing something Plaintiff needed. *Cf. Reid v. Balota*, 962 F.3d 325, 331 (7th Cir. 2020)(finding that an inmate's administrative remedies are only rendered unavailable due to lack of response when an inmate has no indication that officials are pursuing his response). The length of time between Plaintiff mailing his letter and filing his motion indicates that his attempted communication with Defendant's counsel was not in good faith, as required by Federal Rule of Civil Procedure 37. Accordingly, even if the Court erred in fact by finding that Plaintiff did not attempt to communicate with Defendant, it did not err in law by finding that Plaintiff failed to communicate *in good faith.*

Secondly, although Plaintiff claims that prison mail officials will not sign declarations stating that Plaintiff attempted to mail communications, it does not render attempts to provide evidence of such communications impossible. In future motions to compel, Plaintiff is directed to attach a copy of the letter he sends to Defendant's counsel

in order to show his attempts at communication. The Court will not accept further motions to compel or for Court intervention in discovery disputes without such evidence.

As Plaintiff has not demonstrated a manifest error of fact or law sufficient for reconsideration, his motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

**Dated:  September 8, 2021.**

Digitally signed
by Judge Sison 2
Date: 2021.09.08
13:17:13 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**